UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GAIL STRINGER, et al., | : | CASE NO. 4:21-cv-00632 |
| Plaintiffs, | : | OPINION & ORDER |
| | : | [Resolving Docs. 39; 41] |
| v. | : | |
| DAWN RICHARD, et al., | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Gail Stringer, Debra Jordan, Venice Andrews, and Eddie Howard sue Defendants Dawn Richard and Derek Bergheimer for copyright infringement, violation of publicity, and invasion of privacy.[1]

After Defendant Richard moved for summary judgment, Plaintiffs moved this Court for leave to register a sound recording with the United States Copyright Office and then supplement their pleadings.[2] Defendant Richard opposed Plaintiffs' motion for leave, and in turn moved to strike the affirmation attached to Plaintiffs' motion for leave.[3]

For the following reasons, this Court **DENIES** Plaintiffs' motion for leave and **GRANTS** Defendant's motion to strike.

I. Background

Plaintiffs Gail Nevels Stringer, Debra Nevels Jordan, and Venice Nevels Andrews perform gospel music together as The Nevel Sisters. Plaintiff Eddie Howard sometimes appears with the group. Defendant Dawn Richard is also a performer.

---

[1] Doc. 1.
[2] Doc. 39.
[3] Doc. 41.

Case No. 4:21-cv-00632
GWIN, J.

Plaintiffs sued Defendant Richard for copyright infringement, violation of publicity, and invasion of privacy.[4] Plaintiffs say Defendant illegally used parts of the recording of Plaintiffs' copyrighted song, "Abundance of Rain," in Defendant's song, "Sauce." Specifically, Plaintiffs say Defendant used the refrain harmony "Let it fall on me." Plaintiffs say Defendant's use of their song without their authorization caused Plaintiffs to lose goodwill within the gospel music industry.

Defendant Richard moved for summary judgment. Defendant does not challenge that Plaintiff registered an "Abundance of Rain" composition, but argues that Plaintiffs' copyright claims fail because Plaintiffs never registered the sound recording "Abundance of Rain" with the United States Copyright Office.[5] Plaintiffs now move the Court for leave to register the sound recording and then supplement their pleadings to include claims based on the newly created registration.[6] Defendant opposes Plaintiff's request and also moves to strike the affirmation attached to Plaintiffs' motion.[7]

II. Discussion

A. Plaintiffs' Motion for Leave

Under Rule 15(d), the court may, "[o]n motion and reasonable notice . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[8] "The court may permit supplementation even though the original pleading is defective in stating a claim or defense."[9] Further, under Rule 6(b)(1)(B) the court may, for good cause, "extend the time

---

[4] Doc. 1.
[5] Docs. 36; 36-1.
[6] Doc. 39.
[7] Doc. 41.
[8] Fed. R. Civ. P. 15(d).
[9] *Id.*

Case No. 4:21-cv-00632
GWIN, J.

that an act must be done on motion made after the time has expired if the party failed to act because of excusable neglect."[10]

The Sixth Circuit says that the following factors are relevant to the decision whether to grant leave to amend a pleading:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.[11]

"When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier."[12]

Plaintiffs seek leave from this Court to file the sound recording registration for "Abundance of Rain" with the United States Copyright Office.[13] Plaintiffs then seek to supplement their pleadings with the sound recording registration. Plaintiffs say this will correct a "paperwork technicality," and that granting leave and Plaintiffs' motion to amend will not be "dilatory or prejudice the Defendant."[14]

The Court disagrees. During the initial case conference, this Court set a January 28, 2022 cut-off for amendments to the complaint.[15] The original dispositive motion deadline in the case was May 9, 2022.[16] Although the Court ultimately extended this deadline to June 20, 2022, Defendant moved for summary judgment—and raised the fact that Plaintiffs did

---

[10] Fed. R. Civ. P. 6(b)(1)(B).
[11] *Bridgeport Music, Inc. v. Dimension Films*, 383 F.3d 390, 402 (6th Cir. 2004) (quoting *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).
[12] *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).
[13] Doc. 39.
[14] *Id.* at 3-4.
[15] Doc. 22.
[16] *Id.*

- 3 -

Case No. 4:21-cv-00632
GWIN, J.

not hold a sound recording registration for the work at issue—on May 9.[17]  Plaintiffs then filed the instant motion for leave and to amend pleadings on May 23, 2022.[18]

Granting Plaintiffs' motion at this advanced point in the case would cause delay and prejudice to Defendant.  Both parties have completed substantial discovery and Defendant's motion for summary judgment is fully briefed.  Further, Plaintiffs knew, or should have known, that they did not hold the sound recording registration for "Abundance of Rain" at the time they filed this suit and included a sound recording copyright infringement claim.

Further, copyright registration is necessary before remedies for copyright infringement can be sought through a federal court lawsuit.[19]  While an author gains "exclusive rights" in her work immediately upon the work's creation, before pursuing an infringement claim in court, a copyright claimant must comply with § 411(a)'s requirement that "registration of the copyright claim has been made."[20]  Registration has been made "when the Copyright Office registers a copyright."[21]

Plaintiffs did not comply with this requirement before filing this suit.  Many district courts have found that allowing a Plaintiff to amend its complaint to satisfy the registration requirement of the Copyright Act would run contrary to the Supreme Court's interpretation of § 411(a).[22]  Therefore, Plaintiffs' motion for leave and to amend pleadings is denied.

---

[17] Doc. 36.
[18] Doc. 39.
[19] 17 U. S. C. § 411(a).  *See, e.g.*, *Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.*, No. 3:09-CV-01098, 2010 WL 3872802, at *4 (M.D. Tenn. Sept. 28, 2010); *TreadmillDoctor.com v. Johnson*, No. 08-2877, 2011 WL 1256601, at *4 (W.D. Tenn. Mar. 31, 2011) ("When a plaintiff files a copyright infringement action before preregistration or registration of the copyright claim has occurred, the 'precondition' required by § 411(a) is not satisfied.").
[20] 17 U.S.C. §§ 106; § 411(a); *Eldred v. Ashcroft*, 537 U.S. 186, 195 (2003); *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019).
[21] *Fourth Est. Pub. Benefit Corp.*, 139 S. Ct. at 887.
[22] *See, e.g.*, *Cortes-Rramos v. Martin-Morales*, 2020 WL 4920045, at *4 (D.P.R. Aug. 21, 2020); *Ambrosetti v. Oregon Catholic Press*, No. 3:19-CV-00682-JD-MGG, 2020 WL 2219172, at *5 (N.D. Ind. May 7, 2020); *Nina Rawls v. Paradise Artists, Inc.*, No. 3:18-cv-0417, 2020 WL 1493610, at *5 (M.D. Tenn. Mar. 27, 2020); *UAB "Planner 5D" v. Facebook, Inc.*, No. 19-cv-03132-WHO, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019) ("A plaintiff cannot cure its failure to meet the preconditions set forth in 17 U.S.C. § 411(a) by amending its pending complaint."); *Xclusive-Lee, Inc.*

Case No. 4:21-cv-00632
GWIN, J.

### B. Defendant's Motion to Strike

Plaintiffs attached an "Affirmation Under Oath" to the motion for leave and to amend pleadings.[23] Defendant moved to strike this affirmation.[24] Defendant says the affirmation bears no relevance upon the Plaintiffs' motion and the information contained in the affirmation is private. Further, the affirmation is unsigned and not notarized.

For the reasons given in her motion, Defendant's request to strike the affirmation is granted.

### III. Conclusion

For the foregoing reasons, this Court **DENIES** Plaintiffs' motion for leave and **GRANTS** Defendant's motion to strike.

IT IS SO ORDERED.

Dated: August 10, 2022              *s/      James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

*v. Hadid*, No. 19CV520PKCCLP, 2019 WL 3281013, at *4 (E.D.N.Y. July 18, 2019); *Mai Larsen Designs v. Want2Scrap, LLC*, No. SA-17-CV-1084-ESC, 2019 WL 2343019, at *6 (W.D. Tex. June 3, 2019*)*; *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *2 (S.D.N.Y. Apr. 2, 2019).

[23] Doc. 39 at 6.
[24] Doc. 41 at 8.

- 5 -