UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| GAIL STRINGER, et al., | : | CASE NO. 4:21-cv-00632 |
| | : | |
| Plaintiffs, | : | OPINION & ORDER |
| | : | [Resolving Docs. 36; 49; 53; |
| v. | : | 54] |
| | : | |
| DAWN RICHARD, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Gail Stringer, Debra Jordan, Venice Andrews, and Eddie Howard sue Defendants Dawn Richard and Derek Bergheimer for copyright infringement, violation of publicity, and invasion of privacy.[1]

Plaintiffs say Defendant illegally used parts of Plaintiffs' copyrighted song, "Abundance of Rain," in Defendant's song, "Sauce."

Defendant Dawn Richard now moves for summary judgment.[2] In seeking judgment, Defendant says Plaintiffs earlier obtained a copyright for "Abundance of Rain" composition but never obtained a copyright for the "Abundance of Rain" recording. Without a copyright for the "Abundance of Rain" recording, Defendant argues that Plaintiffs cannot make a recording claim.

With regard to Plaintiffs' claims that Defendant violated Plaintiffs' composition copyright, Defendant says the used phrase predated the composition copyright and is not protectable.

---

[1] Doc. 1.
[2] Docs. 36; 36-1; 40.

Case No. 4:21-cv-00632
GWIN, J.

Plaintiffs oppose.[3]

For the following reasons, this Court **GRANTS** Defendant's motion.[4]

## I. Background

Plaintiffs Gail Nevels Stringer, Debra Nevels Jordan, and Venice Nevels Andrews perform gospel music together as The Nevel Sisters. Plaintiff Eddie Howard sometimes appears with the group. Defendant Dawn Richard also works as a performer.

Plaintiffs sued Defendant Richard for copyright infringement, violation of publicity, and invasion of privacy.[5] Plaintiffs say Defendant illegally used parts of the recording of Plaintiffs' copyrighted song, "Abundance of Rain," in two versions of Defendant's song, "Sauce." Specifically, Plaintiffs say Defendant used the refrain harmony "Let it fall on me" and say that this use violated Plaintiffs' copyright. Plaintiffs say Defendant's use of their song without their authorization caused Plaintiffs to lose goodwill within the gospel music industry.

Defendant Richard now moves for summary judgment.[6]

## II. Summary Judgment Standard.

A court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] There is a genuine dispute as to a material fact when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8]

---

[3] Doc. 38.
[4] Defendant withdrew her Motion for Extension of Discovery Cut-Off. Doc. 53. Plaintiffs' Motion for Leave to Supplement Plaintiffs' Response of August 8, 2022 (Doc. 54) is DISMISSED as moot.
[5] Doc. 1.
[6] Docs. 36; 36-1.
[7] Fed. R. Civ. P. 56(a).
[8] *Peffer v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Case No. 4:21-cv-00632
GWIN, J.

The Court "view[s] the evidence in the light most favorable to the nonmoving party."[9] But, the nonmoving party "must show sufficient evidence to create a genuine issue of material fact"[10] as to each of the claim's required elements.[11] The nonmoving party "may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth set forth specific facts showing that there is a genuine issue for trial."[12] Summary judgment may be granted "[i]f the evidence is merely colorable . . . or is not significantly probative."[13]

### III. Discussion

#### A. Copyright Claims

Plaintiffs bring two federal copyright infringement claims.[14] Plaintiffs say Defendant illegally used parts of Plaintiffs' copyrighted song, "Abundance of Rain," in two versions of Defendant's song, "Sauce." Specifically, Plaintiffs say Defendant used the recorded refrain "Let it fall on me."

To succeed on a copyright-infringement claim, a plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."[15] The first part of the test ensures the work is a protectable expression by focusing on the "originality and non-functionality of the work."[16] "Registration of a valid copyright . . . is prima facie evidence that the work is entitled to protection."[17]

---

[9] *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 954 F.3d 852, 859 (6th Cir. 2020) (citing *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018)).
[10] *Klepper v. First Am. Bank*, 916 F.2d 337, 341–42 (6th Cir.1990) (citation omitted).
[11] *Id.* (noting that a scintilla of evidence is not enough to defeat a summary judgment motion).
[12] *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008).
[13] *Anderson*, 477 U.S. at 250–51.
[14] Doc. 1 at 5-8; 17 U.S.C. § 501.
[15] *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 627–28 (6th Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).
[16] *ECIMOS*, 971 F.3d at 628.
[17] *Id.*

- 3 -

Case No. 4:21-cv-00632
GWIN, J.

The second part of the test analyzes, "whether any copying occurred (a factual matter) and whether the portions of the work copied were entitled to copyright protection (a legal matter)."[18]

While an author gains "exclusive rights" in her work immediately upon the work's creation, before pursuing a infringement claim in federal court, a copyright claimant must comply with § 411(a)'s requirement that "registration of the copyright claim has been made."[19] Registration has been made "when the Copyright Office registers a copyright."[20]

### i. Plaintiffs Gail Stringer and Venice Andrews Lack Standing

Only owners and exclusive licensees at the time of the infringement receive standing to make a copyright infringement claim.[21] Only Plaintiffs Eddie Howard, Jr., and Debra Nevels registered "Let it Fall on Me." Plaintiffs Gail Stringer and Venice Andrews never registered the composition or any recording and do not have standing to bring a copyright claim against Defendant. Therefore, summary judgment is granted to Defendant on Plaintiffs Gail Stringer's and Venice Andrews's copyright claims.

### ii. Plaintiffs Debra Jordan's and Eddie Howard's Sound Recording Copyright Claims Fail

The Sixth Circuit draws a distinction between musical composition copyright infringement claims and sound recording infringement claims.[22] "'Sound recordings' are works that result from the fixation of a series of musical, spoken, or other sounds[.]"[23] "The

---

[18] *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004).
[19] 17 U.S.C. §§ 106; § 411(a); *Eldred v. Ashcroft*, 537 U.S. 186, 195 (2003); *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019).
[20] Fourth Est. Pub. Benefit Corp., 139 S. Ct. at 886.
[21] *Joe Hand Promotions, Inc. v. Griffith*, 2021 WL 4899466, at *3-5 (E.D. Tenn. Oct. 20, 2021) (granting summary judgment because there was no evidence that plaintiff owned an exclusive right at the time of the infringement).
[22] *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 796 n. 3 (6th Cir. 2005) ("Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights.").
[23] 17 U.S.C. § 101.

- 4 -

Case No. 4:21-cv-00632
GWIN, J.

exclusive right of the owner of copyright in a sound recording . . . is limited to the right to duplicate the sound recording . . . [that] recapture[s] the actual sounds fixed in the recording."[24] In contrast, a musical composition "is a particular sequence and arrangement of lyrics and/or music that comprise what most people refer to as a 'song.'"[25]

Plaintiffs do not have a sound recording copyright for the arguably copied song, "Abundance of Rain." Plaintiffs Debra Jordan and Eddie Howard own Copyright Registration No. PAu001470119.[26] By Plaintiffs' own admission, this is a music composition copyright.[27] It is not a registration for a recording.

Plaintiffs say the PAu001470119 copyright should also cover the sound recording of "Abundance of Rain," under the Copyright Act's safe harbor provision.[28] The Copyright Act gives a safe harbor for registration process errors.[29] However, the safe harbor provision does not apply to inaccurate information that was knowingly included, and if the Registration of Copyrights would have refused registration had it known the inaccuracy of the information.[30] "Lack of knowledge of either fact or law can excuse an inaccuracy in a copyright registration."[31] Plaintiffs say they incorrectly selected "Music Composition," instead of "Sound Recording," when they registered for the copyright thirty years ago.

The situation at hand does not fall under the safe harbor provision. Music

---

[24] 17 U.S.C. § 114(b).
[25] *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 475 n. 3 (6th Cir. 2003).
[26] Doc. 36-3 at 15 (noting the copyright is for the "[w]ords & music for 3 songs"); Doc. 38-1; Doc. 38-2.
[27] Doc. 38 at 4 ("Based on Plaintiff's pro se registration and deposit copies, there was a mistake in law by the Plaintiff in selecting 'Music Composition'."). Plaintiffs separately requested leave from the Court to properly register the sound recording of "Abundance of Rain." Doc. 39. This Court denied Plaintiffs' request. Doc. 52. *See also* Copyright Form PA Instructions, https://www.copyright.gov/forms/formpa.pdf ("File Form PA if you are seeking to register the musical or dramatic work, not the 'sound recording,' even though what you deposit for copyright purposes may be in the form of a phonorecord.").
[28] Doc. 38 at 2-4.
[29] 17 U.S.C. § 411(b).
[30] *Id.*
[31] *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 142 S. Ct. 941, 945 (2022).

Case No. 4:21-cv-00632
GWIN, J.

composition and sound recording copyrights are distinct. This is not a situation in which inaccurate information was included on the application for the copyright. Plaintiffs simply hold one type of copyright, and not the other.

Because valid registration is a prerequisite to succeeding on federal copyright claims, the Court grants summary judgment to Defendant on Plaintiffs' sound recording copyright claims.

### iii. Plaintiffs Debra Jordan's and Eddie Howard's Composition Copyright Claims Fail

Plaintiffs' composition copyright protects the sequence and arrangement of lyrics or music in "Abundance of Rain."[32] Defendant says Plaintiffs' composition copyright claim fails because the five words—"let it fall on me"—and the arguably copied underlying music do not meet the minimum originality threshold and are not protectable.[33] Defendant further says any Defendant use of Plaintiffs' composition was de minimis use.[34] Plaintiffs disagree.[35]

To succeed on their copyright-infringement claim, Plaintiffs must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."[36]

A copyright certificate gives prima facie ownership evidence of a valid copyright.[37] Plaintiffs submitted the copyright certificate to the court.[38] Defendant has not presented a genuine issue of material fact regarding Plaintiffs Debra Jordan's and Eddie Howard's

---

[32] "A musical composition consists of rhythm, harmony, and melody." *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 603 (S.D.N.Y. 2013) (internal quotation marks omitted).
[33] Doc. 36-1 at 7-11.
[34] Doc. 36-1 at 7-11.
[35] Doc. 38.
[36] *ECIMOS*, 971 F.3d at 627–28.
[37] 17 U.S.C. § 410(c); *Jobete Music Co. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1082 (S.D. Ohio 2003).
[38] Doc. 38-1.

- 6 -

Case No. 4:21-cv-00632
GWIN, J.

ownership of the composition copyright of "Abundance of Rain." Therefore, only the originality of the allegedly copied portion is at issue.

"The mere fact that a work is copyrighted does not mean that every element of the work may be protected."[39] Courts must "'filter' out elements of the work that are not original to the author."[40] To be original, an element must both be an independent creation of its author (not copied from other works) and involve at least minimal creativity.[41] The standard for originality is low.[42]

Defendant's song, "Sauce," contains five words from Plaintiffs' "Abundance of Rain" song: "let it fall on me."[43] The underlying musical melody and rhythm consist of three notes, with the last note repeated three times.[44]

Defendant says the allegedly copied composition from "Abundance of Rain" is not original because it was not an independent Plaintiff creation. Defendant says the words and melody come from an Apostolic and/or Pentecoastal Hymn, "Let it fall on me."[45] Plaintiffs respond that "Abundance of Rain" was an independent creation because the notes used in "Abundance of Rain" are slightly different than in the hymn and Plaintiffs' song is not "sung en masse by parishioners," but rather "performed by a vocal trio with individual harmonies."[46]

The lyrics, "let it fall on me," were not an independent creation of Plaintiffs. They

---

[39] *Feist Publ'ns, Inc.*, 499 U.S. at 348; *see also Harper & Row, Publishers, Inc. v. Nation Enter.*, 471 U.S. 539, 547-48 (1985) ("[C]opyright does not prevent subsequent users from copying from a prior author's work those constituent elements that are not original . . . as long as such use does not unfairly appropriate the author's original contributions.").
[40] *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 274 (6th Cir. 2009).
[41] *Feist Publ'ns, Inc.*, 499 U.S. at 345.
[42] *Id.* at 361.
[43] Doc. 36-3 at 22; Doc. 36-4 (Declaration of Defendant Richard).
[44] *Id.*
[45] Doc. 36-3 at 22 (YouTube links to various recordings of the Apostolic and/or Pentecoastal hymn).
[46] Doc. 38 at 8-9.

Case No. 4:21-cv-00632
GWIN, J.

are identical to the lyrics used in the well-known hymn, "Let it fall on me." Defendant presented evidence that prior usage of these lyrics was sufficiently widespread within the gospel community as to "make it exceedingly unlikely that [Plaintiffs] had, in fact, independently created the phrase."[47]

Further, the underlying music was not an independent creation of Plaintiffs. The melody and rhythm follow the same pattern as the hymn, "Let it fall on me." Thus, Plaintiffs fail to demonstrate a genuine issue of material fact as to whether the composition at issue was "independently created."[48]

Defendant further says even if the words and melody in "Abundance of Rain" were created independently by Plaintiffs, they do not involve the level of creativity required to be "original." Because this Court has found the composition at issue was not independently created by Plaintiffs, we need not address this argument.

Because there is no genuine issue of material fact as to the originality of the allegedly copied portion of "Abundance of Rain," this Court also need not address whether the allegedly copied portion is substantially similar to Defendant's song "Sauce."[49]

Therefore, summary judgment is granted to Defendant Richard on Plaintiffs' copyright claims.

### B. Right of Publicity Claims

Plaintiffs Debra Nevels Jordan and Venice Nevels Andrews sue Defendant Richard

---

[47] *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 144 (2d Cir. 1998).
[48] Other courts dealing with common phrases or chants have reached similar conclusions. *See, e.g., Lil' Joe Wein Music, Inc. v. Jackson*, 245 F. App'x 873, 879 (11th Cir. 2007); *Acuff-Rose Music, Inc.*, 155 F.3d at 144.
[49] *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 274 (6th Cir. 2009) ("The Sixth Circuit has condensed the substantial-similarity inquiry into a two-part test: first, the court must identify which aspects of the artist's work, if any, are protectible by copyright and, second, determine whether the allegedly infringing work is substantially similar to the protectible elements of the artist's work.") (internal quotation marks omitted).

Case No. 4:21-cv-00632
GWIN, J.

for violation of Ohio's Right of Publicity statute.[50]

To establish a claim for right of publicity under the statute, Plaintiffs must prove that Defendant used Plaintiffs' persona commercially without authorization.[51] The Plaintiffs' persona must have commercial value, but "[c]elebrity status" is not a requirement to recover under the statute.[52]

Defendant says Plaintiffs' voices have no commercial value because they are not distinct and carry little degree of recognition. Further, there is no evidence that Defendant used Plaintiffs' voices in order to garner more listeners.[53] The Court finds Plaintiffs did not raise a genuine issue of material fact as to whether Plaintiffs' voices have distinct commercial value.

Therefore, the Court grants Defendant's motion for summary judgment on Plaintiffs' right of publicity claims.

### C. Invasion of Privacy Claims

Plaintiffs Gail Nevels Stringer and Debra Nevels Jordan sue Defendant Richard for invasion of privacy.

Invasion of privacy by misappropriation is similar to right of publicity. To establish invasion of privacy by misappropriation, Plaintiffs must prove that their names or likenesses have some intrinsic value, which was taken by Defendant for her own benefit, commercial or otherwise.[54] This requires more than incidental publication: the Defendant must

---

[50] Doc. 1 at 9; Ohio Rev. Code § 2741.06.
[51] *Roe v. Amazon.com*, 170 F. Supp. 3d 1028, 1032-33 (S.D. Ohio 2016), *aff'd*, 714 F. App'x 565 (6th Cir. 2017). Persona is defined as an individual's "name, voice, signature, photograph, image, likeness, or distinctive appearance, if any of these aspects have commercial value." Ohio Rev. Code § 2741.01(A).
[52] *Id.*
[53] *See James v. Bob Ross Buick*, 855 N.E.2d 119 (Ohio App. Ct. 2006) (finding that there was value in the salesman's name because his former employer used his signature to induce prospective clients to favor Defendant).
[54] *Roe*, 170 F. Supp. 3d at 1034 (citing *Zacchini v. Scripps-Howard Broad., Co.*, 351 N.E.2d 454 (1976)).

Case No. 4:21-cv-00632
GWIN, J.

appropriate the name or likeness of another for the reputation, prestige, social or commercial standing, public interest, or other values associated with that likeness.[55]

Plaintiffs give no evidence that Defendant used Plaintiffs' voices because of their reputation, prestige, social or commercial standing, public interest, or other values associated with their voices. Plaintiffs did not allege that the likeness of Plaintiffs' voices itself conferred any benefit to Defendant. Therefore, the Court grants Defendant's motion for summary judgment on Plaintiffs' invasion of privacy claims.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's summary judgment motion.

IT IS SO ORDERED.

Dated: August 19, 2022
*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[55] *Reeves v. Fox Television Network*, 983 F. Supp. 703, 710 (N.D. Ohio 1997).