UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| GAIL STRINGER, et al., | : | CASE NO. 4:21-cv-00632 |
| | : | |
| Plaintiffs, | : | OPINION & ORDER |
| | : | [Resolving Doc. 59] |
| v. | : | |
| | : | |
| DAWN RICHARD, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Gail Stringer, Debra Jordan, Venice Andrews, and Eddie Howard sued Defendants Dawn Richard and Derek Bergheimer[1] for copyright infringement, violation of publicity, and invasion of privacy.[2] The Court granted Defendant Dawn Richard's summary judgment motion[3] and subsequently denied Plaintiffs' motion for reconsideration.[4] Now, Defendant Dawn Richard moves the Court for attorney's fees and costs.[5]

For the following reasons, this Court **GRANTS IN PART** Defendant's motion for attorney's fees and costs.

I.   Background

Plaintiffs perform gospel music together. Defendant Dawn Richard also works as performer. In this case, Plaintiffs say Defendant illegally used parts of the recording of Plaintiffs' copyrighted song, "Abundance of Rain," in two versions of Defendant's song, "Sauce." Specifically, Plaintiffs say Defendant used the refrain harmony "Let it fall on me"

---

[1] Plaintiffs did not successfully serve Defendant Derek Bergheimer.
[2] Doc. 1.
[3] Doc. 55.
[4] Doc. 63.
[5] Doc. 59.

Case No. 4:21-cv-00632
GWIN, J.

and say that this use violated Plaintiffs' copyright. Plaintiffs further say that Defendant's use of their song without their authorization caused Plaintiffs to lose goodwill within the gospel music industry.

The Court found that Plaintiffs Gail Stringer and Venice Andrews do not have standing to bring copyright claims against Defendant, as they never registered the composition or registered any recording of the song. Only Plaintiffs Eddie Howard, Jr., and Debra Nevels registered the arguably-copied song. Their sound recording copyright claim fail because they do not have a sound recording copyright for the arguably copied song. Their musical composition copyright claim also fail because they did not independently create the composition at issue. In addition, Plaintiffs' right to publicity and invasion of privacy claims fail because they did not prove that their voices have distinct commercial value and that the likeness of their voices conferred any benefit to Defendant.

## II. Discussion

### A. Decision to Award Attorney's Fees to Defendant

#### 1. Copyright Claims

The Copyright Act gives a court the discretion to "allow the recovery of full costs by or against any party," and to "also award a reasonable attorney's fee to the prevailing party as part of the costs."[6] "The grant of fees and costs 'is the rule rather than the exception and they should be awarded routinely.'"[7]

The Sixth Circuit uses four non-exclusive factors to determine whether to award attorney's fees in a copyright action. They include (1) frivolousness, (2) objective

---

[6] 17 U.S.C. § 505.
[7] *Bridgeport Music, Inc. v. WB Music Corp. (WB Music II)*, 520 F.3d 588, 592 (6th Cir.2008) (quoting *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir.2004) (internal alteration omitted)).

- 2 -

Case No. 4:21-cv-00632
GWIN, J.

unreasonableness (both in the factual and legal components of the case), (3) motivation, and (4) the need in particular circumstances to advance considerations of compensation and deterrence.[8] These factors may be "used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner."[9]

Defendant argues that Plaintiffs should pay her attorney's fees because they asserted frivolous and unreasonable legal positions, ignored fatal defects in their claims, and continued with the lawsuit to coerce Defendant to settle for a larger amount that would not be justified. Opposing Defendant's motion for attorney's fees, Plaintiffs argue that they had a reasonable case and that they pursued the claims because they were offended by Defendant's use of their song.

The Court finds that Plaintiffs' objectively unreasonable actions and failure to mitigate throughout the litigation warrant awarding Defendant's attorney's fees, at least in part.

Plaintiffs brought a sound recording copyright claim, despite not owning a sound recording copyright for the arguably copied song. They should have known from the outset that they cannot prevail on a sound recording copyright claim without such copyright.

To attempt to justify bringing a sound recording copyright claim while not having such copyright, Plaintiffs pointed to the Copyright Act's safe harbor provision. The provision gives a safe harbor for registration process errors.[10] As explained in the prior opinion and order, that provision does not apply to this situation as Plaintiffs did not accidentally include inaccurate information on the copyright application.[11] They simply hold a different type of

---

[8] *Balsley v. LFP, Inc.*, 691 F.3d 747, 773 (6th Cir. 2012) (citing *Bridgeport Music, Inc.*, 520 F.3d at 588).
[9] *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994)).
[10] 17 U.S.C. § 411(b).
[11] Doc. 55 at 5-6 (PageIDs 618-19).

- 3 -

Case No. 4:21-cv-00632
GWIN, J.

copyright.

Plaintiffs say that the Court should consider their argument that they believed the claim. They further say their reliance on a novel legal theory does not make their claim frivolous or unreasonable.[12] Although, a party can reasonably posit a novel legal theory, but not if the party should have known that the theory has nearly no chance of succeeding. That is the case here. Plaintiffs were objectively unreasonable to say that the safe harbor provision—which deals with inaccurate information on a specific application—allows Plaintiffs to use their separate, valid musical composition copyright to also bring a sound recording copyright claim.

In addition, Plaintiffs did not present proof of its musical composition copyright registration for more than a year after bringing this lawsuit. From March 2021 to May 2022, Plaintiffs did not show any valid copyright registration for the arguably copied song.

On February 22, 2022, Defendant's counsel sent a letter to Plaintiffs' counsel warning him of clear lawsuit defects.[13] In the letter, Defendant's counsel explained that (1) sound recording and musical composition copyright registrations are needed evidence, yet Plaintiffs had not submitted proof of them and (2) Plaintiffs Gail Stringer and Venice Andrews lack standing for copyright claims. Defendant had already taken down her song. Plaintiffs remained unreasonable, resulting in significant added Defendant attorney's fees.

After Defendant warned Plaintiffs of certain lawsuit defects, Plaintiffs did not correct them. Instead, Plaintiffs ignored the warnings and persisted. Plaintiffs later presented proof of only their musical composition copyright registration to oppose Defendant's summary

---

[12] Doc. 64 at 6-7 (PageIDs 982-983).
[13] Doc. 59-4.

- 4 -

Case No. 4:21-cv-00632
GWIN, J.

judgment motion. By then, it became clear that Plaintiffs do not have a sound recording copyright registration. Yet Plaintiffs continued to pursue their sound recording copyright claim. Plaintiffs Gail Stringer and Venice Andrews also maintained both of their claims despite lack of standing. In the end, Plaintiffs' unreasonable behavior needs to be discouraged.

Plaintiffs say that awarding attorney's fees to Defendant would chill future plaintiffs from bringing copyright claims when others use their work without permission. The Court disagrees. The grant of attorney's fees here would help deter future plaintiffs from (1) bringing copyright claims for which they do not have copyrights, (2) persisting with clearly defective claims, and (3) ignoring warnings of the defects. But it would not chill future plaintiffs from bringing copyright claims if they hold correct copyright registrations or if they address clear defects in the lawsuit.

The Court acknowledges that Plaintiffs has the correct composition copyright, unlike for their sound recording claim. Plaintiffs failed on their musical composition claim because they failed to establish that they independently created the composition at issue. But the independently created composition test for that claim is less precise. And Plaintiffs' arguments for that claim were not as objectively unreasonable. The Court accounts for this in its calculation of attorney's fees below where it reduces Defendant's award by 20%.

### 2. Non-Copyright Claims

If a party prevails on its defense against a copyright claim and is entitled to attorney's fees for that claim, the moving party can also recover attorney's fees for other related lawsuit

Case No. 4:21-cv-00632
GWIN, J.

claims.[14] The lawsuit copyright claim and other non-copyright claims are related if they involve "a common core of facts" or are "based on related legal theories."[15] When that is the case, [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims."[16]

Here, in addition to two copyright claims, Plaintiffs brought Ohio law right of publicity and invasion of privacy claims. For right of publicity claims, Plaintiffs alleged that Defendant used three of Plaintiffs' personas commercially without their permission. For invasion of privacy claims, Plaintiffs alleged that Defendant appropriated their voices and benefitted from doing so. Plaintiffs' Ohio law claims and copyright claims concern the same set of facts. More specifically, the same song is at issue for all the claims in this lawsuit. Since Plaintiffs' Ohio law and copyright claims are related, Defendant can recover attorney's fees for Plaintiffs' Ohio law claims as well.

### B. Reasonableness of Defendant's Requested Attorney's Fees

Here, Defendant requests $101,461.00 in attorney's fees and costs.[17] Defendant has $77,701.00 in attorney's fees and $1,994.00 in costs with IP Legal Studio, LLC and $20,484.00 in attorney's fees with Taft, Stettinius, Hollister, LLP.[18] Defendant also adds $1,282.00 to account for future attorney's fees.[19]

To determine the amount of reasonable attorney's fees, district courts first look at the

---

[14] See *Hensley v. Eckerhart,* 461 U.S. 424, 434–35 (1983); *The Traditional Cat Ass'n, Inc. v. Gilbreath,* 340 F.3d 829, 833 (9th Cir. 2003).
[15] *Hensley,* 461 U.S. at 434–35.
[16] *Id.* at 435.
[17] Doc. 59 at 2 (PageID 871).
[18] Doc. 59-2 at 5-6 (PageIDs at 891-92).
[19] *Id.*

- 6 -

Case No. 4:21-cv-00632
GWIN, J.

lodestar amount, which is established by multiplying a reasonable hourly rate with the number of hours that attorneys spent working on the case.[20] Courts must then "consider adjusting the fee based on a number of factors, the most important of which is the degree of success obtained."[21]

### 1. Lodestar Amount

Lisa Cervantes of IP Legal Studio, LLC normally charges $525.00 per hour. But for this case, she reduced her rate to $475.00 for legal services and $250.00 for administrative tasks.[22] Leon Bass of Taft, Stettinius, Hollister, LLP ("Taft") has an hourly rate of $505.00.[23] Eric Gaum, another Taft attorney, has an hourly rate of $595.00.[24] Taft legal assistant LaTessa Gray's hourly rate is $310.00.[25] The court finds their hourly rates reasonable.

Cervantes spent 170.58 hours working on this case, and her current lodestar amount is $77,701.00.[26] As Bass billed 32.80 hours,[27] his lodestar amount is $16,564.00. Gaum billed 4.40 hours,[28] so his lodestar amount is $2,618.00. Since Gray worked on this case for 4.20 hours,[29] her lodestar amount is $1,302.00.

The total lodestar amount is $98,185.00.

### 2. Adjustment of the Lodestar Amount

The Court first adds future attorney's fees of $1,282.00, an estimated amount that Defendant will need to pay for Cervantes's work in responding to Plaintiffs' opposition to

---

[20] *Hubbell v. FedEx SmartPost, Inc.*, 933 F.3d 558, 575 (6th Cir. 2019) (internal quotations omitted).
[21] *Id.*
[22] Doc. 59-2 at 4 (PageID 890).
[23] Doc. 59-6 at 3 (PageID 927).
[24] *Id.*
[25] *Id.*
[26] Doc. 59-1 at 10 (PageID 883).
[27] Doc. 59-6 at 3, 6 (PageIDs 927, 930).
[28] *Id.* at 3, 9 (PageIDs 927, 933).
[29] *Id.* at 3 (PageID 927).

Case No. 4:21-cv-00632
GWIN, J.

her attorney's fees motion. The Court also adds $1,994.00 in costs. This totals up to $101,461.00—the amount of attorney's fees and costs that Defendant seeks.

The Court next considers whether to adjust this amount further. Defendant fully prevailed against Plaintiffs on their claims. Plaintiffs' sound recording copyright claim was meritless. Plaintiffs were also otherwise objectively unreasonable in this litigation. Yet their arguments for the musical composition copyright claim were somewhat defensible. The Court finds that a 20% reduction of attorney's fees and costs is appropriate and sufficient to account for that. After applying a 20% reduction, the modified amount of attorney's fees and costs is $81,168.80.

### III. Conclusion

For the foregoing reasons, this Court **GRANTS IN PART** Defendant Dawn Richard's motion and awards her $81,168.80 in attorney's fees and costs.

IT IS SO ORDERED.

Dated: July 17, 2023            *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE