UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| GAIL STRINGER, et al., : | CASE NO. 4:21-cv-00632 |
| Plaintiffs, : | OPINION & ORDER |
| : | [Resolving Doc. 67] |
| v. : | |
| DAWN RICHARD, et al., : | |
| Defendants. : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Gail Stringer, Debra Jordan, Venice Andrews, and Eddie Howard sued Defendants Dawn Richard and Derek Bergheimer[1] for copyright infringement, violation of publicity, and invasion of privacy.[2] The Court granted Defendant Dawn Richard summary judgment,[3] denied Plaintiffs' motion for reconsideration of the summary judgment decision,[4] and awarded Defendant Dawn Richard $81,168.80 in attorney's fees.[5] On July 27, 2023, Plaintiffs filed another motion for reconsideration.[6] The second motion for reconsideration seems to ask the Court to both reconsider its attorney fees order and to reopen the case more generally.

For the following reasons, this Court **STRIKES** Plaintiffs' July 27, 2023, motion for reconsideration.

I. Discussion

   A. Plaintiffs' Unsigned Motion

---

[1] Plaintiffs did not successfully serve Defendant Derek Bergheimer.
[2] Doc. 1.
[3] Doc. 55.
[4] Doc. 63.
[5] Doc. 66.
[6] Doc. 67.

Case No. 4:21-cv-00632
GWIN, J.

Plaintiffs' July 27, 2023, motion for reconsideration does not contain a signature by one of Plaintiffs' attorneys. Federal Rule of Civil Procedure 11(a) requires "every pleading, written motion, and other paper [to be] signed by at least one attorney of record" or "by a party personally if the party is unrepresented."[7] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."[8]

Here, Plaintiffs have attorneys on record. Plaintiffs indicate in the motion for reconsideration that their attorneys do not do appeals and that one of their attorneys has refused to communicate with them. But since Plaintiffs' attorneys still represent Plaintiffs in this action, the Court cannot consider July 27, 2023, motion for reconsideration when it does not contain a signature from one of Plaintiffs' attorneys. Accordingly, the Court strikes this motion.

### B. The Merits of Plaintiffs' Motion

Even if Plaintiffs correct this omission in their motion, it still fails for other reasons. The motion does not meet the high standard for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b).

Under Rule 59(e), a court may grant a motion to amend or alter its judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) manifest injustice.[9] But a reconsideration motion is not an opportunity to re-litigate previously decided matters or present the case under new theories.[10] Such a

---

[7] Fed. R. Civ. P. 11(a).
[8] *Id.*
[9] *Gencorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).
[10] *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998).

Case No. 4:21-cv-00632
GWIN, J.

reconsideration motion is extraordinary and rarely granted.[11]

Under Rule 60(b), courts may relieve a party from a final order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[12]

Courts avoid granting relief from judgments due to "public policy favoring finality of judgments and termination of litigation."[13] Similar to Rule 59(e) motions, Rule 60(b) motions are only granted in exceptional circumstances.[14]

Here, Plaintiffs has not shown a clear error of law or newly discovered evidence. Nor is there an intervening change in controlling law. Plaintiffs allege that they did not know about Defendants' motion for attorney's fees before the Court ruled on it, and that their attorneys failed to file additional evidence for this case. But Plaintiffs does not explain what the additional evidence is and why it should impact the Court's decisions. Without more, Plaintiff fails to show that the Court erred in granting attorney's fees and that reconsideration is necessary in order to prevent manifest injustice. Plaintiff also fails to meet any other circumstances listed in Rule 60(b).

II. Conclusion

---

[11] *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).
[12] Fed. R. Civ. P. 60(b).
[13] *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).
[14] *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008).

Case No. 4:21-cv-00632
GWIN, J.

For the foregoing reasons, this Court **STRIKES** Plaintiffs' July 27, 2023, motion for reconsideration.

IT IS SO ORDERED.

Dated: August 9, 2023 	 *s/     James S. Gwin*
	JAMES S. GWIN
	UNITED STATES DISTRICT JUDGE

- 4 -